UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christina McKimmey,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>Du-Par's Resorts, Inc.,<br><br>　　　　　　　　Defendant. | Case No.: 2:14-cv-1924-GMN-GWF<br><br>**ORDER** |

Pending before the Court is Plaintiff Christina McKimmey's Motion to Amend the Complaint, (ECF No. 12), to which Defendant Du-Par's Resorts, Inc. responded in opposition, (ECF No. 20). Plaintiff did not file a Reply to Defendant's Response, and the deadline to do so has passed.

I. **BACKGROUND**

This case centers upon Plaintiff Christina McKimmey's allegations of discrimination against her former employer, Defendant Du-Par's Resorts, Inc. (Proposed Am. Compl., ECF No. 12-1).

Plaintiff alleges that she began her employment with Defendant on August 12, 2011, as a deli manager. (Proposed Am. Compl. ¶ 9). Shortly after she started working for Defendant, Plaintiff alleges that she received a complaint from a female staff member, who claimed that another manager had physically abused her. (*Id.* at ¶ 10). On November 18, 2011, the Proposed Amended Complaint states that Plaintiff had a meeting with Bill Naylor, Defendant's chief executive officer, in which she intended to discuss the staff member's complaint. (*Id.* at ¶ 12). At this meeting, however, Mr. Naylor allegedly put his hand on Plaintiff's knee in a sexual manner and asked, "Do you want to keep your job?" (*Id.*).

1   Two days later, on November 20, 2011, Plaintiff was terminated from her position. In
2   response to Plaintiff's inquiries regarding the reason for her termination, Mr. Naylor allegedly
3   stated, "If you had come up to my room last night you might not have to be terminated." (*Id.* at
4   ¶ 13). Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity
5   Commission ("EEOC") on January 12, 2012. (ECF No. 20-1).[1] The EEOC issued a right-to-
6   sue letter regarding the allegations in the charge of discrimination on August 18, 2014.
7   (Proposed Am. Compl. ¶ 5).

   Based on these allegations, the Proposed Amended Complaint sets forth claims for:
(1) Title VII discrimination; (2) Title VII retaliation; and (3) sexual harassment. In response to
the instant Motion, Defendant argues that the Proposed Amended Complaint is futile as to the
Title VII retaliation claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. In addition to the Rule 15(a) requirements, the Local Rules of Federal Practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to

---

[1] The Court takes judicial notice of Plaintiff's charge of discrimination as a matter of public record. *See e.g.*, *EEOC v. Global Horizons, Inc.*, 860 F. Supp. 2d 1172, 1193 (D. Haw. 2012).

1  amend. D. Nev. R. 15-1(a).

2  **III.    DISCUSSION**

3        In response to Plaintiff's Motion, Defendant argues only that Plaintiff's proposed Title
4  VII retaliation claim is futile.  "[A] proposed amendment is futile only if no set of facts can be
5  proved under the amendment to the pleadings that would constitute a valid and sufficient claim
6  or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  In determining
7  whether a proposed amendment is futile, the Court looks to whether it "would survive a
8  challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan*
9  *Chase Bank, N.A. v. KB Home*, 740 F. Supp. 2d 1192, 1197 (D. Nev. 2010) (citing *Miller,* 845
10 F.2d at 214).

11       To sufficiently state a claim for retaliation under Title VII, a plaintiff must allege that:
12 "(1) [she] engaged in a protected activity; (2) [her] employer subjected [her] to an adverse
13 employment action; and (3) a causal link exists between the protected activity and the adverse
14 action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  Additionally, before a federal
15 district court can exercise subject matter jurisdiction over a Title VII claim, a plaintiff must
16 exhaust her administrative remedies by filing a charge with the EEOC or an appropriate state
17 agency. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).  A federal court's subject
18 matter jurisdiction over Title VII claims "depends upon the scope of the both the EEOC charge
19 and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).
20 "Allegations of discrimination not included in the administrative charge may not be considered
21 by a federal court unless the new claims are like or reasonably related to the allegations
22 contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir.
23 2002) (internal quotations omitted).

24       In her charge of discrimination, Plaintiff failed to indicate that her termination may have
25 constituted unlawful retaliation.  In fact, the document included a checkbox for "retaliation"

that Plaintiff left empty. (ECF No. 20-1).  Furthermore, the charge of discrimination states only that Plaintiff was discharged after Mr. Naylor "made sexual advances toward [her] at work," and that Plaintiff believes she was discriminated against due to her sex. (*Id.*).

As the allegations in the charge of discrimination do not give rise to an inference that Plaintiff's termination may been an act of unlawful retaliation, nor does the document refer to any protected activity that Plaintiff may have engaged in prior to her termination, the Court finds that the retaliation claim in the Proposed Amended Complaint is not reasonably related to the charge of discrimination.  Therefore, as Plaintiff has failed to exhaust her administrative remedies, the Court finds that Plaintiff's proposed Title VII retaliation claim is futile. Accordingly, the Court will grant Plaintiff leave to file an Amended Complaint that relates only to her proposed claims for Title VII discrimination and sexual harassment.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Amend, (ECF No. 12), is **GRANTED in part and DENIED in part** pursuant to the foregoing.  Plaintiff shall have until May 29, 2015, to file an Amended Complaint in this action.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss, (ECF No. 6), is **DENIED** as moot.

**DATED** this 29th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court