UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA McKIMMEY, ) <br> ) <br>              Plaintiff, ) <br>   vs.                       ) <br>                        ) <br> DU-PAR'S RESORTS, INC., a domestic ) <br> corporation d/b/a Du-Par's Restaurant & ) <br> Bakery,                      ) <br>                        ) <br>             Defendant. ) <br>                        ) | Case No.: 2:14-cv-01924-GMN-GWF <br><br> **ORDER** |

      Pending before the Court is the Motion to Dismiss for Failure to Prosecute (ECF No. 31) filed by Defendant Du-Par's Resorts Inc. ("Defendant") on August 27, 2015. Plaintiff Christina McKimmey ("Plaintiff"), whose counsel has withdrawn and is now proceeding *pro se*, has failed to file a Response in Opposition. Additionally, Plaintiff has failed to file any Response to the Court's Order to Show Cause (ECF No. 28) entered on July 9, 2015, explaining why this case should not be dismissed for failure to prosecute. Plaintiff has also failed to inform the Court of her current address. *See* (Mail Returned Undeliverable, ECF No. 33).[1] Furthermore, according to Defendant's motion, Plaintiff has failed to submit a single filing, participate in any discovery, or contact Defendant since March of 2015. (MTD 1:22–26, ECF No. 31).

      Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

---

[1] The Local Rules for this district state: "The plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice." D. Nev. LSR 2-2.

D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendant's motion or the Court's Order to Show Cause has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  A less drastic sanction available to the Court would be dismisal of Plaintiff's Complaint without prejudice.  Finally, the fifth factor does not clearly weigh in favor of Plaintiff because it is not clear that this case is likely to be decided on the merits.  Plaintiff has failed to file an Amended Complaint as ordered by the Court, has ignored multiple other orders by the Court and the local rules, and has not taken any action in this case in over seven months.

Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  Furthermore, though the less drastic sanction of dismissal without prejudice is available, in light of Plaintiff's flagrant disregard of this Court's orders and local rules, the Court will dismiss Plaintiff's Complaint with prejudice.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 31) is **GRANTED**.  Plaintiff's claims are dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this  23   day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge